CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for C'ville
JUL 1 1 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Kay Colema
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 3:06-cr-00017 |
| | ) | Civil Action No. 3:08-cv-80024 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Hon. Norman K. Moon |
| MATTHEW ALLEN PROPST. | ) | United States District Judge |

Petitioner Matthew Allen Propst, a federal inmate proceeding through counsel, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Propst alleges in his § 2255 motion that his sentence was unreasonable. Respondent filed a motion to dismiss to which Propst filed a timely response making the matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 3:06-cr-00017, the court finds that Propst waived his current claims in his plea agreement. Accordingly, the court finds that respondent's motion to dismiss must be granted.

### I.

On April 12, 2006, Propst was named in a fifteen-count indictment in the Western District of Virginia. On July 12, 2006, a superseding indictment was filed that charged him with conspiring to distribute, or possessing with the intent to distribute, fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, and 859 (Count One); knowingly and intentionally possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 2 and 924(c) (Counts Three, Four, and Eight); knowingly and intentionally possessing more than fifty grams of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841 (Count Nine); and a forfeiture allegation (Count Sixteen). On October 18, 2006, pursuant to a written plea agreement, Propst pleaded guilty to Counts One, Three, and Eight of the superseding

indictment. The remaining counts were dismissed pursuant to the plea agreement.

Prior to the sentencing hearing, the United States filed a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Commission Guidelines Manual § 5K1.1, based on Propst's substantial assistance to the United States in the investigation and prosecution of this and related cases. The United States recommended that, based on Propst's minimal assistance, he be given a sentence of 396 months incarceration, "representing a reduction of twenty percent from the bottom of his recommended guideline range absent this motion." The Presentence Investigative Report ("PSR") determined that, based on more than 500 grams but less than 1.5 kilograms of actual methamphetamine, an amount consistent with the plea agreement, Propst's base offense level was 36. Propst's base offense level was reduced by three levels for his acceptance of responsibility. With a total offense level of 33 and a criminal history category of I, the guideline range for imprisonment was determined to be 135 to 168 months. Count Three carried a mandatory minimum term of 60 months, to be served consecutively, and Count Eight carried a mandatory minimum term of 300 months, to be served consecutively. The PSR recommended a total sentence of 495 months. By final judgment order, entered January 31, 2007, the court sentenced Propst to 60 months incarceration as to Count One, 60 months incarceration as to Count Three, and 120 months incarceration as to Count Eight, all to be served consecutively, resulting in a total term of 240 months incarceration.

Propst did not appeal his conviction or sentence and filed the current § 2255 motion on February 1, 2008, alleging (1) that the waiver of the right to file a post-conviction motion noted in Propst's plea agreement cannot operate to foreclose a decision upon his substantive claim; and (2) Propst's rights under the Fifth Amendment were violated when this court placed too much

2

importance on the sentencing guidelines and failed to adequately address sentencing factors under 18 U.S.C. § 3553(a), resulting in a sentence that was both procedurally and substantively unreasonable.

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Propst bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court

3

should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy – specifically, whether the district court questioned the defendant about the . . . waiver – the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a

4

sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver.[1] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Propst's guilty plea and waiver of § 2255 rights, the court must determine whether his § 2255 claim falls within the scope of that waiver.

Here, the record fully establishes that Propst knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. Indeed, Propst himself indicates that he "does not assert that his guilty plea was unknowing or involuntary." (Mem. Supp. § 2255 Mot. at 2.) In his plea agreement, Propst acknowledged that counsel informed him of the nature of the charges and the elements of the charges and that he "had all of [his] rights explained," but that he was "knowingly waiv[ing] and giv[ing] up these valuable constitutional rights." (Plea Agreement at 2-3.) Moreover, Propst specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Agreement at 7.) The language and meaning of the § 2255 waiver is clear and unmistakable, and both Propst and his attorney represented by their signatures to the plea agreement that Propst had been fully advised of, and understood, its terms. Additionally, Propst does not dispute that he understood the collateral attack waiver provision.

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a plea colloquy with Propst on October 18, 2006. During the plea

---

[1] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

5

colloquy Propst indicated to the court that he was born on August 17, 1980, that he had completed the eleventh grade, that he could read, write, and understand English, and that he was not under the influence of any drugs, alcohol, or medication that hampered his ability to understand the courtroom proceedings. The court reviewed with Propst the constitutional rights he forfeited by pleading guilty, and Propst indicated that he understood the rights he was giving up. Propst was advised of the elements of the offenses that the government would have to prove and also the range of punishment as to each count, including the 60 month mandatory minimum as to Count Three and the 300 month mandatory minimum as to Count Eight. The court also noted that Propst would still be bound by his plea agreement even if the sentence imposed was more severe than he expected.[2] Propst indicated that he understood.[3]

Propst affirmed that he had received a copy of the indictment and that he had been given ample opportunity to consult with his counsel. The court specifically asked Propst whether he and his counsel had discussed how the sentencing guidelines might apply to his case and Propst, again, answered in the affirmative. The court determined, at the conclusion of the plea colloquy, that Propst's plea was knowing and voluntary. Therefore, the court finds that Propst's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly

---

[2] Propst supports his position that his collateral attack waiver is invalid by directing the court to case law in which a defendant was sentenced beyond what was agreed upon in his plea agreement. However, Propst was not sentenced beyond what was agreed upon in the plea agreement and indeed received a sentence significantly less than that recommended by the probation officer and requested by the United States. Indeed, Propst received a sentence substantially lower – more than fifty percent lower – than the low end of the recommended guideline range.

[3] Propst complains that he "was not informed during his plea colloquy what his sentence was going to be." (2255 Mot. Mem. at 4.) This may be an accurate contention, however, a court is not required to sentence a defendant at his guilty plea hearing. Indeed, the court informed Propst that the court would not be able to determine his sentence until after a pre-sentence report was completed and counsel had been given the opportunity to challenge the facts reported by the probation officer. Moreover, Propst was informed of his potential sentence and also informed that he would be bound by the plea agreement even if the sentence imposed was more severe than he expected. Thus, this illogical argument fails to convince the court that Propst's guilty plea, specifically the collateral attack waiver, is invalid.

6

and voluntarily made. Accordingly, the court concludes that Propst's waiver of his right to bring a collateral attack under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Propst's claims are included within the scope of the waiver. After reviewing the record, the court finds that none of the factors that the United States Court of Appeals for the Fourth Circuit applied in Attar are applicable here. See Attar, 38 F.3d at 732-33. Propst does not claim that his sentence of 240 months incarceration, which was, in fact, well below the low end of the guideline range, exceeded the statutory maximum for the charges for which he was convicted, nor does he allege that his sentence was premised on any constitutionally impermissible factor such as race. Propst also does not allege the denial of counsel at any stage of the proceedings following the entry of the plea. Therefore, Propst's claims fall within the scope of the plea agreement waiver and, thus, are not cognizable claims for post conviction relief in a motion brought pursuant to § 2255.[4] Accordingly, the court will

---

[4] Propst alleges that his collateral attack waiver is invalid because the issue that he raises, that the court placed too much importance on the Sentencing Guidelines and failed to adequately address sentencing factors under 18 U.S.C. § 3553(a), was not available at the time the plea agreement was entered. Propst alleges that several decisions of the Supreme Court of the United States rendered subsequent to the expiration of his right to appeal, specifically Rita v. United States, 127 S. Ct. 2456 (2007), Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007), effectively made his sentence both substantively and procedurally unreasonable. Propst contends that, prior to these decisions, the court did not have the authority or the duty to consider factors under 18 U.S.C. § 3553(a) equally with the guidelines in determining the appropriate sentence. Additionally, Propst argues that the court did not have the duty to impose a sentence that was no greater than necessary to achieve the goals of sentencing under § 3553(a)(2). Accordingly, Propst argues that he had no knowledge that he was waiving a right to challenge an improper and unconstitutional sentence and requests resentencing. Propst's reliance on Rita, Kimbrough, and Gall is misplaced as the change in law that Propst cites does not invalidate his collateral attack waiver. See United States v. Blick, 408 F.3d 162, 170-71 (4th Cir. 2005) (holding that waiver of right to appeal in a plea agreement accepted before decision in United States v. Booker, 543 U.S. 220 (2005), was not invalidated by change in law); United States v. Oliver, No. 07-4576, 2008 WL 2312634, at *1 (4th Cir. June 02, 2008) (declining to disturb inmate's appeal waiver despite the issuance of Kimbrough); see also United States v. Lyman, 261 F. App'x 98 (10th Cir. 2008) (finding that inmate's claim that Gall made his previously imposed sentence "illegal" was not outside the scope of his appellate waiver); United States v. Thomas, No. 06-4210, 2008 WL 2224796, at *1 (7th Cir. May 30, 2008) (finding that inmate's appeal waiver was broad enough to cover developments in the law that post-dated his sentencing, such as the freedom district courts now have under Kimbrough). Regardless, the record reflects that, despite Propst's contentions to the contrary, trial counsel noted Propst's age, lack of current drug use, lack of criminal record, and request for rehabilitation both in a written

(continued...)

7

grant respondent's motion to dismiss and will deny Propst's motion for relief pursuant to § 2255.

IV.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Propst knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed, receiving substantial benefits from the plea agreement. The United States has adhered to its part of the plea bargain. Granting Propst relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit of its bargain. Accordingly, the court will grant the motion to dismiss. An appropriate order shall be issued this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for respondent.

ENTER: This 11th day of July, 2008

_____
United States District Judge

---

[4](...continued)
memorandum and at the sentencing hearing and the court considered these factors when determining Propst's sentence. Moreover, trial counsel referred the court to § 3553(a) noting that the "overriding principle [is] to impose a sentence that is sufficient but not greater than necessary" and the court indicated that it would impose a sentence that "accomplishes the purposes set forth in 18 U.S.C. 3553(a)." (Sentencing Tr. at 7.) The court specifically wished to avoid sentencing "disparity" but noted that Propst's several gun charges "put[] him in a category different from the other[]" co-defendants. (Sentencing Tr. at 11.) Accordingly, Propst's underlying claim that the court failed to adequately address sentencing factors under 18 U.S.C. § 3553(a) clearly finds no support in the record and, thus, lacks merit.

8